UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NEW FALLS CORP.,

                Plaintiff,

-against-

RAMNARINE J. LALL,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-4809 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff New Falls Corp. brings this breach of contract action against pro se Defendant Ramnarine J. Lall, alleging that Defendant failed to repay two loans according to the terms of the governing loan agreements. (Compl. (Docket Entry #1).) Plaintiff now moves for summary judgment on the issue of liability and requests an inquest on damages. (Pl. Motion (Docket Entry #24).) Defendant did not respond to Plaintiff's motion. As set forth below, the court grants Plaintiff's motion.

## I. BACKGROUND

This action arises from two home equity loans issued to Defendant: one in 2005 and one in 2006. On December 13, 2005, Defendant entered into an $85,000 Equity Flexline Credit Agreement with Fifth Third Bank (Central Florida) (the "2005 Agreement"). (Pl. 56.1 Statement (Docket Entry #24) ("56.1") ¶ 1.) Under the 2005 Agreement, Defendant agreed to make monthly interest-only payments on the outstanding principal balance of the credit line. (Id.) Defendant's failure to make any required payments would constitute an event of default, entitling the lender to certain remedies.

1

(Id.) On January 31, 2006, Defendant entered into a second agreement with Fifth Third Bank: a $50,000 Equity Flexline Credit Agreement (the "2006 Agreement"). (Id. ¶ 8.) The terms of that agreement are substantially the same as those of the 2005 Agreement, except that the interest rate is slightly higher. (Id.) Both agreements contain a choice of law provision specifying that they are governed by Florida law. (See Pl. Motion Ex. A ¶ 28; Pl. Motion Ex. D ¶ 28.)

Defendant failed to make the required interest payment due on December 1, 2007 for both loans, and has since made no further payments on either loan, as he admitted in his Answer. (Compl. ¶¶ 9, 18; Answer (Docket Entry #11) ¶¶ 9, 18.) On February 14, 2008, Fifth Third Bank assigned both the 2005 Agreement and the 2006 Agreement to Plaintiff with an effective date of December 7, 2007. (56.1 ¶¶ 2, 9.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact. See Fed. R. Civ. P. 56(c). The burden to show the absence of a genuine factual dispute falls on the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). A dispute regarding a fact is genuine if the evidence is such that a reasonable finder of fact could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." Elec. Inspectors, Inc. v. Vill. of E. Hills, 320 F.3d 110, 117 (2d Cir. 2003). In evaluating a motion for summary judgment, the court is required to "view the evidence in the light most favorable to the party opposing summary judgment, to draw all

reasonable inferences in favor of that party, and to eschew credibility assessments . . . ." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996) (citations omitted).

Even where, as here, the non-moving party does not respond to the motion for summary judgment, the court may not grant the motion by default. Although the non-movant's failure to respond "may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (internal citations and quotation marks omitted). Accordingly, in reviewing a motion for summary judgment – even one that is unopposed – the court must "determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id. (internal quotation marks omitted).

### B. Choice of Law

A federal court exercising diversity jurisdiction applies the law of the forum state, including its choice of law rules, to determine the applicable substantive law. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941). "New York law is clear in cases involving a contract with an express choice-of-law provision: absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000).

Both the 2005 Agreement and the 2006 Agreement provide that Florida law should govern the interpretation of the contract. Florida has sufficient contacts with the transaction because the lines of credit referenced in the two agreements were secured by real property in Florida. (See Pl. Motion Ex. A ¶ 27; Pl. Motion Ex. D ¶ 27.) Therefore,

3

the court will honor the intentions of the contracting parties and interpret the substantive provisions of the two agreements under Florida law. See Woodling v. Garrett Corp., 813 F.2d 543, 551 (2d Cir. 1987) ("New York law requires the court to honor the parties' choice insofar as matters of substance are concerned.").

## C.   Breach of Contract

Under Florida law, a plaintiff must prove the following elements to establish a claim for breach of contract: (1) a valid contract, (2) a material breach, and (3) damages. Merin Hunter Codman, Inc. v. Wackenhut Corrs. Corp., 941 So.2d 396, 398 (Fla. Dist. Ct. App. 2006). In this case, there is no dispute about the validity of the 2005 Agreement or the 2006 Agreement. Plaintiff's affidavits and exhibits clearly establish that Defendant executed both agreements. Similarly, there is no dispute that Defendant materially breached those agreements. Under both agreements, Defendant was required to make monthly interest payments on both loans, but, as Defendant admits in his Answer, he has failed to do so since missing the payments due on December 1, 2007. (Compl. ¶¶ 9, 18; Answer ¶¶ 9, 18.) As the assignee of those agreements, Plaintiff has sustained damages because Defendant failed to submit payments according to the terms of the agreements. (56.1 ¶¶ 2, 9.) Accordingly, the undisputed facts entitle Plaintiff to judgment as a matter of law and summary judgment is appropriate on the issue of liability. The court refers the matter to Magistrate Judge Reyes for an inquest to determine an appropriate damage award.[1]

---

[1] Both the 2005 Agreement and the 2006 Agreement contemplate that in the event of default, Defendant will reimburse the lender for all expenses and attorneys' fees incurred to collect the debt. (See Pl. Motion Ex. A ¶ 22; Pl. Motion Ex. D ¶ 22. Therefore, Plaintiff's attorneys' fees and expenses should be considered in determining the appropriate damage award.

4

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment as to liability is GRANTED and the case is referred to Magistrate Judge Reyes for an inquest on damages.

SO ORDERED.

Dated: Brooklyn, New York
May 18, 2010

s/Hon. Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5